**FILED & ENTERED**

JUN 09 2017

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** kaaumoan **DEPUTY CLERK**

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LANCE ARTHUR KEATING,<br><br><br><br><br>                    Debtor(s). | Case No.: 2:16-bk-14882-WB<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION**<br><br>Date:         May 10, 2017<br>Time:        2:30 PM<br>Courtroom: 1375 |

    Before the Court is an objection to claim ("Claim Objection") (Docket No. 43) filed by debtor Lance Arthur Keating ("Debtor"). Debtor requests that the Court disallow the proof of claim filed by the Internal Revenue Service ("IRS"), on the grounds that Debtor does not owe any income taxes for the years in question. The IRS opposes Debtor's Claim Objection and argues that the Court should overrule it for procedural and substantive deficiencies.

    A hearing on the Claim Objection was held on May 10, 2017 at 2:30 p.m. The Court heard oral argument and took the matter under submission. Based on the pleadings, record, and oral argument of counsel, and for the reasons that follow, the Court overrules the Claim Objection.

## I.  STATEMENT OF FACTS

Debtor filed a voluntary Chapter 13 bankruptcy petition on April 15, 2016.  The general claims bar date was set for August 29, 2016, while the government claims bar date was set for October 12, 2016.

On August 10, 2016, the IRS filed its proof of claim ("IRS Claim"), which appears as Claim No. 2-1 on the Court's Claims Register for this case.  The IRS alleges that Debtor is delinquent on his income taxes for tax years 2012 through 2015, in the total amount of $3,066.28.  The IRS has classified its entire claim as a priority unsecured claim.

Debtor filed his Claim Objection on March 7, 2017 and initially set the matter for hearing on April 26, 2017.  Debtor subsequently filed two amended notices of hearing: one on April 13, 2016, providing notice of the Claim Objection hearing on April 26, 2017, and another on April 19, 2017, providing notice that the Claim Objection hearing was continued to June 7, 2017.  The Court then advanced the Claim Objection hearing to May 10, 2017 on its own motion and provided notice to all interested parties.

In his Claim Objection, Debtor argues that he was not required to file or pay income taxes for the years at issue because (1) the filing and payment of federal income taxes is voluntary; (2) Debtor has no income that can be taxed; and (3) Debtor is neither a resident nor a citizen of the United States.  In opposing Debtor's Claim Objection, the IRS contends that (1) service of the Claim Objection was improper under Local Bankruptcy Rule 2002-2(c)(2); (2) Debtor has failed to present any evidence to overcome the prima facie validity of the IRS Claim, especially since Debtor had cancellation of debt income in the amount of $453,822.00 for tax year 2015; and (3) Debtor has not asserted a valid basis for disallowance of the IRS Claim under § 502(b).  In response to the IRS's arguments, Debtor asserts that (1) service of the Claim Objection was proper, since Debtor served all parties entitled to notice on April 13, 2017; (2) the 2015 cancellation of debt income is based on a fraudulent filing made by Fay Servicing, LLC; and (3) Debtor has provided a valid basis for disallowance of the IRS Claim, as Debtor offered to pay his outstanding tax obligations, but such offer went unanswered.  Debtor also adds a new argument to his reply, contending that the Internal Revenue Code is unenforceable because

Congress never codified it into positive or special law.

## II.  DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).  Venue is proper in this Court. 28 U.S.C. § 1409(a) (2012).

A.  <u>Service of the Claim Objection Was Sufficient.</u>

Local Bankruptcy Rule 3007-1(b) requires a claim objection to be set for hearing on at least 30 days' notice and served on the claimant "at the address disclosed by the claimant in its proof of claim and at such other addresses and upon such other parties as may be required by FRBP 7004 and other applicable rules."  Local Bankruptcy Rule 2002-2 sets out requirements for notice to and service upon the United States and federal agencies, including the IRS.  See LBR 2002-2(c).  In all adversary proceedings and contested matters involving the IRS, pleadings and motions must be served on the IRS; the United States; the Attorney General in Washington, D.C.; and the United States Attorney in Los Angeles at the addresses listed in Appendix D of the Court Manual.  LBR 2002-2(c)(2).

Here, Debtor served the initial notice of hearing, for April 26, 2017, and the Claim Objection only on the Tax Division at the United States Attorney's Office in Los Angeles.  That address is not the address for notice listed on the IRS Claim and does not match any of the addresses listed in the Court Manual for service on the IRS; the United States; the Attorney General in Washington, D.C.; or even the United States Attorney in Los Angeles.  Nevertheless, despite any service deficiencies that may be present here, the IRS in fact received notice and service of the Claim Objection and provided a substantive response.  Thus, the Court concludes that the IRS was not prejudiced by the lack of proper notice, and the Court considers the merits of the Claim Objection in the sections that follow.

B.  <u>Debtor Has Failed to Present Sufficient Evidence to Overcome the Prima Facie Validity of the IRS Claim.</u>

A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and the amount of the claim, and the claim is

1  deemed allowed unless a party in interest objects. Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a)
2  (2012). When a claim objection is filed, a proof of claim provides "some evidence as to its
3  validity and amount" and is "strong enough to carry over a mere formal objection without more."
4  See Lundell v. Anchor Constr. Spec., Inc., 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *In re*
5  Holm, 931 F.2d 620, 623 (9th Cir. 1991)).

6  The objecting party bears the burden of presenting sufficient evidence to overcome the
7  claim's presumptive validity and must "'show facts tending to defeat the claim by probative
8  force equal to that of the allegations of the proofs of claim themselves.'" Holm, 931 F.2d at 623
9  (internal citations omitted). When the objecting party has shown enough evidence to negate one
10 or more facts in the proof of claim, the burden shifts back to the claimant to prove that the claim
11 is valid, based on a preponderance of the evidence. See Lundell, 223 F.3d at 1039 (quoting *In re*
12 Consol. Pioneer Mortg., 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995)).

13 Here, the IRS Claim includes evidence of Debtor's alleged tax liability for the relevant
14 years. Thus, the IRS Claim is presumed valid, unless Debtor presents sufficient evidence to
15 show that the claim amount is incorrect or that he does not owe the taxes at issue.

16 In this regard, Debtor has not carried his burden. The evidence attached to Debtor's
17 Claim Objection consists of (1) the IRS's letter to Debtor inquiring about the missing tax returns
18 for 2012 through 2015; (2) the mailing receipt for Debtor's response to the IRS's inquiry; (3)
19 Debtor's response to the IRS's inquiry, consisting of his declaration and certain demands; (4) a
20 declaration that Debtor filed in this case, see Docket No. 37, regarding his failure to file tax
21 returns for 2012 through 2015; and (5) an "amended affidavit" that Debtor filed in this case, see
22 Docket No. 39, in support of confirmation of his Chapter 13 plan. Although Debtor asserts in his
23 various declarations and affidavits that he does not owe any taxes to the IRS, these documents do
24 not include any tax forms, pay stubs, checks, receipts, or other evidence to show that Debtor has
25 either paid the taxes at issue or is exempt from having to file or pay such taxes. The remaining
26 documents, along with Debtor's reply to the IRS's opposition, are similarly devoid of such
27 evidence. Debtor merely relies on his own assertions and interpretations of debatably relevant
28 law to refute the IRS Claim. This is not sufficient.

1       Thus, the IRS Claim remains prima facie valid.

2  C. <u>Debtor Has Failed to Show Grounds for Disallowance Under § 502(b), as Debtor's</u>
3     <u>Arguments Regarding the Enforceability of the IRS Claim are Patently Frivolous.</u>

4       If a party objects to a proof of claim, the bankruptcy court "shall" determine the amount of such claim and allow such claim, except to the extent that one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b). The list of grounds for disallowance provided in § 502(b) is exhaustive. <u>In re</u> <u>Heath</u>, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005); <u>see also</u> <u>In re</u> <u>Guidry</u>, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005) (stating that "a bankruptcy rule cannot create a ground for disallowance of claims not set out in the Code"). Therefore, courts may only disallow a claim for one of the reasons listed in § 502(b). <u>See</u> <u>Heath</u>, 331 B.R. at 435.

Here, although the IRS contends that Debtor has not raised any grounds for disallowance under § 502(b), the Court construes Debtor's Claim Objection as arguing that the IRS Claim is unenforceable against him pursuant to § 502(b)(1). <u>See</u> 11 U.S.C. § 502(b)(1) ("the court, after notice and a hearing, . . . shall allow [a] claim . . ., except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . ."). Yet even if the Court takes this liberal interpretation of Debtor's Claim Objection, the reasons that Debtor provides for the unenforceability of the IRS Claim are patently frivolous.

As noted previously, Debtor contends that the IRS cannot collect any income taxes from him for 2012 through 2015 because (1) the filing and payment of federal income taxes is voluntary; (2) Debtor has no income that can be taxed; (3) Debtor is neither a resident nor a citizen of the United States; and (4) the Internal Revenue Code is unenforceable, since it is neither positive nor special law. While Debtor may harbor a good faith belief in the validity of these arguments, the fact remains that courts from virtually every circuit, along with the United States Supreme Court, have rejected these arguments as absurd and meritless. As a general matter, the Court agrees with those circuit courts that "perceive no need to refute these arguments with somber reasoning and copious citation of precedent," since "to do so might suggest that these arguments have some colorable merit." <u>Crain v. Comm'r</u>, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam); <u>see also</u> <u>Kile v. Comm'r</u>, 739 F.2d 265, 267 ("These three

cases merit public attention only as illustrations of irresponsible appellate practice deserving of sanction. They exemplify a growing number of patently frivolous appeals filed by abusers of the tax system merely to delay and harass the collection of public revenues."). Nevertheless, the Court briefly addresses each of Debtor's arguments in turn, to illustrate the frivolousness of Debtor's Claim Objection.

First, neither the filing of income tax returns nor the payment of federal income taxes is voluntary. The Internal Revenue Code explicitly requires taxpayers to file income tax returns and to pay income taxes each year. 26 U.S.C. § 6011(a) (2012) ("[A]ny person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary."); 26 U.S.C. § 6151(a) ("[W]hen a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax . . . ."). Based on this statutory mandate, courts have consistently rejected the notion that the filing or payment of income taxes is voluntary. See, e.g., Wilcox v. Comm'r, 848 F.2d 1007, 1008 (9th Cir. 1988) ("paying taxes is not voluntary"); Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like it or not, the Internal Revenue Code is the law . . . ."); United States v. Richards, 723 F.2d 646, 648 (8th Cir. 1983) (quoting United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983)) (the contention that filing tax returns is voluntary is "'an imaginative argument, but totally without arguable merit'"); United States v. Sloan, 939 F.2d 499, 499-500 (7th Cir. 1991) ("Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to pay federal income tax. And, like the moths, these people sometimes get burned."). Thus, Debtor's argument in this regard is groundless and unpersuasive.

Second, all income, regardless of its source, is generally taxable. See, e.g., 26 U.S.C. § 6012(a)(1)(A) ("Returns with respect to income taxes . . . shall be made by . . . [e]very individual having for the taxable year gross income which equals or exceeds the exemption amount"); Comm'r v. Kowalski, 434 U.S. 77, 82-83 (1977) (quoting Comm'r v. Glenshaw Glass Co., 348 U.S. 426, 429-30 (1955)) ("In the absence of a specific exemption, . . . payments are income . . .

[if they] are 'undeniabl[y] accessions to wealth, clearly realized, and over which the [respondent has] complete dominion.'"); Sayre & Co. v. Riddell, 395 F.2d 407, 411 (9th Cir. 1968) ("Citizens . . . and resident aliens are taxed on all of their net income, regardless of its source."). In Debtor's case, the IRS has shown that Debtor received some income in 2015, based on tax forms submitted to the IRS from Debtor's mortgage servicer, Fay Servicing, LLC.  Debtor has not shown that such income would qualify for an exemption, and his argument that such income is based on a fraudulent filing is not supported by any evidence.

Third, courts have repeatedly rejected the argument that a person is exempt from paying income taxes based solely on his belief that he is not a citizen or resident of the United States. See, e.g., United States v. Drachenberg, 623 F.3d 122, 125 (2d Cir. 2010) (case involving New York residents where the court held that "since Appellant and O'Connor are individuals, who received income, the [income tax] filing requirement plainly applies to them, regardless of their purported citizenship" and their claims that they were neither residents nor citizens of the United States); United States v. Gerads, 999 F.3d 1255, 1256 (8th Cir. 1993) ("The arguments [appellants] advance on appeal are also frivolous. . . . [W]e reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation."); Sloan, 939 F.2d at 500-01 ("'All individuals, natural or unnatural, must pay federal income tax on their wages,' regardless of whether they requested, obtained or exercised any privilege from the federal government.").  Debtor's argument in this regard is baseless.

Finally, the Internal Revenue Code is positive law because it is included as Title 26 of the current edition of the United States Code.  See Brown v. United States, 35 Fed. Cl. 258, 268 (1996) (citing what is now 1 U.S.C. § 204(a) (2012)) ("It is clear, however, that a law included in the current edition of the United States Code establishes prima facie evidence of the law of the United States."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing Ryan, 764 F.2d at 1328) ("We have also held that the Internal Revenue Code was validly enacted by Congress and is fully enforceable.").  Further, even if the Internal Revenue Code were not positive law, it would still be enforceable, as "Congress's failure to enact a title into positive law

has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." Ryan, 764 F.2d at 1327-28 (citing 1 U.S.C. § 204(a)).  Thus, whether the Internal Revenue Code is positive law or not, Debtor is bound by it.

Therefore, based on the foregoing, the Court finds that all of Debtor's arguments regarding the enforceability of the IRS Claim are patently frivolous, and none of them constitute grounds for disallowing the IRS Claim under § 502(b)(1).

### III. CONCLUSION

In summary, the Court holds that Debtor's Claim Objection suffers from both procedural and substantive defects.  Debtor's service of the Claim Objection is improper, as all parties who were entitled to notice were not timely served.  Further, Debtor failed to provide sufficient evidence to overcome the IRS Claim's presumptive validity, and Debtor did not provide any legitimate grounds for disallowance of the IRS Claim under § 502(b).  Accordingly, the Court overrules Debtor's Claim Objection.

A separate order consistent with this memorandum of decision will be entered.

Date: June 9, 2017

Julia W. Brand
United States Bankruptcy Judge